## J. H. DAVIS *v.* JASPER GATLIFF.

[Abstract Kentucky Law Reporter, Vol. 6—739.]

**Notice of Election Contest.**

When in an election contest the defendant answers and goes to trial on the merits, it is thereafter too late for him to raise any question as to the want or sufficiency of a notice to contest.

**Insufficient Record on Appeal.**

In an election contest on the grounds that votes were illegally cast or not properly counted, if the appellant desires this court to pass upon such questions he must bring before this court all of the evidence by a properly identified bill of exceptions.

## APPEAL FROM WHITLEY CIRCUIT COURT.

### April 30, 1885.

OPINION BY JUDGE PRYOR:

In the year 1882, the appellant and appellee were candidates for the office of County Court Clerk in the county of Whitley.

The appellant as appeared from the poll books was elected and a certificate of election given him by the proper authorities.

The appellee, Gatliff, contested the election in the mode pointed out by the statute and the decision of the contesting board being adverse to him, he appealed to the Circuit Court. The judge of that court after investigating the questions raised adjudged that the appellee was entitled to the office. The principle ground upon which the decision of the contesting board was disregarded was on account of the illegal votes cast for the appellant, the court below deciding that with the illegal votes out of the record the appellee was duly elected. Objections were made to the grounds of contest which are by the appellee by way of demurrer that seems not to have been considered by either the contesting board or the circuit judge; in fact the Circuit Court Judge was not asked to pass on the demurrer or the objection to the notice until after the case had been fully heard and investigated on the merits. Depositions had been taken on both sides at great length and the case fully prepared and when in the hands of the court for judgment and long after the submission the appellant in writing asked the court before entering his judgment of record to pass on the objection made to the notice. The issue as to the legality and illegality of the votes had been fully made and proof taken showing the name of the parties or voters whose votes were illegal and not until then; and in fact not until the case had been decided, was the court's attention called to the alleged defects in the notice.

The appellant when the case went to the Circuit Court ought to have made his objection. He had the right to waive any technical objection, and when entering upon the investigation as to whether the illegal votes for and against each candidate and submitting the cause on its merits, it was then too late to raise the question as to the manner in which the appellant had been brought into court. The only issue tried was as to the legality of certain votes cast and

whether the notice failed to state or give the names of those whose votes were improperly recorded or given, the proof fully developed who these voters were and deposition after deposition was taken with reference to their citizenship and their right to vote for the one candidate or the other. The proof shows that many illegal votes were cast on each side, but we can not say except from inference for which party they were cast. The poll books showing for whom they voted is not before us, or made part of the record. The special judge selected to try this case seems from his judgment to have ascertained the illegal votes cast without knowing for whom they voted, and then turning to the poll books deducted the illegal votes given for each candidate from his entire vote, and the result was the election of appellee. Whether he made the proper deduction or erred in taking from or adding to the vote of either side does not appear and can not well be ascertained without the poll books before us.

All the evidence before the circuit judge should have been brought to this court and identified by a bill of exception.

It may also be said that if the poll books were before us, from the character of the testimony in the case, we would not be inclined to disturb the finding.

The clerk at one of the voting precincts as well as six voters who are recorded as voting for one Brumment all now swear that they voted for the appellant. The judges and sheriffs do not testify and it is a little remarkable that these votes should have been recorded by the clerk for one not a candidate, when they voted for the appellant.

The testimony upon such points should be clear and convincing before the court will undertake to correct the poll books so as to affect the result, and it is certainly neither clear nor convincing as to the improper recording of these votes. That there was much illegal voting appears from the proof and viewed from a partisan standpoint the friends of each could confidently assert that his candidate was elected.

While each candidate can assert his right to the place on plausible grounds, the special judge trying this case could have had no feeling or prejudice the one way or the other. He was selected to pass on the testimony because he was not identified with the parties, or the feeling that prevailed with the friends of either candi-

date, and in his judgment the appellee was entitled to the office·and in analyzing the testimony, we see no reason for reversing his judgment.

Judgment *affirmed.*

*J. & J. W. Rodman, C. W. Lester, for appellants.*
*A. Duvall, W. Lindsay, R. D. Hill, for appellee.*